Appeal from special term.

Action by John Sheridan and another against John Davis and others. From a judgment in favor of plaintiffs, defendants appeal. Reversed unless plaintiffs shall stipulate to reduce the amount recovered to $100.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Sol Kohn, for appellants.

Dennis A. Spellissy, for respondents.

PER CURIAM. Action to foreclose a mechanic's lien. The trial court found that there was due the plaintiffs for extra work the sum of $300, and that they had a lien on the premises described in the complaint for that sum, with costs; and to satisfy the same it directed a foreclosure of the lien and a sale of the premises, and the defendants have appealed.

The evidence introduced upon the trial, as set out in the record before us, is very unsatisfactory, as to the extra work performed or the value of the same. It fails to show that the value of such services was in excess of $100, and therefore the judgment must be reversed and a new trial granted, with costs to the appellants to abide the event, unless the plaintiffs will stipulate to reduce the amount recovered to $100; and, if such stipulation be made, then the judgment appealed from, as thus modified, is affirmed, without costs to either party on this appeal.

---

(55 App. Div. 529.)

### WILCOX v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

INSURANCE—LOSS OF POLICY—PAID-UP POLICY—RELEASE.

Where a life policy provided that, in case of default in payment of premiums after three premium payments, the insured should receive a paid-up policy, on a surrender of the policy, duly receipted, insured, after payment of seven years' premiums and default, having lost his policy, was only entitled to a paid-up one on tendering to the insurer a writing surrendering his rights under the policy.

Appeal from special term, New York county.

Action by George L. Wilcox against the Equitable Life Assurance Society of the United States. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and PATTERSON, JJ.

De Will C. Morrell, for appellant.

W. C. Prime, for respondent.

RUMSEY, J. The plaintiff alleges that on the 9th day of October, 1883, the defendant, in consideration of the payment to it of an annual premium of $58.18 a year, and an agreement to pay such annual premium for 20 years, made a policy of insurance, whereby it insured the life of the plaintiff for $2,000, and promised to pay to

him at the expiration of the 20 years, if living, or in the event of his death to another person named, the amount of the policy. It is alleged that the policy contained a further provision by which the defendant agreed that if the premiums upon the policy should be paid for three years, and it should thereafter become void because of a default in the payment of any subsequent premium, the society would issue in lieu thereof a new paid-up policy, "provided that said policy shall be surrendered, duly receipted, within six months of the date of the default in payment of premium on said policy." It is alleged that the plaintiff paid seven annual premiums on the policy; that he then lost the policy, and was unable to find it; that he had made default in the payment of the premium falling due in the year 1890, and had made no payment since. It is further alleged that he demanded from the defendant a new paid-up policy, in accordance with the terms above stated, duly informing the defendant that he surrendered his policy, but that it had been stolen, and he was unable to recover the same, and therefore could not deliver it to the defendant, but that the defendant has refused to deliver to him the paid-up policy. The complaint contained the further allegation that the plaintiff has duly performed all the conditions on his part, except the surrendering of the policy, which he was unable to do for the reasons above stated, and that he "has always been, and still is, ready and willing to perform on his part, except as to the delivery of the stolen policy." The defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, and from the judgment sustaining that demurrer this appeal is taken.

Before the plaintiff was entitled to a paid-up policy under this agreement, he was bound to surrender the original policy, duly receipted, within six months of the default in the payment of the premium on the policy. The plaintiff has failed to allege that he complied with the condition of the contract that the policy, duly receipted, should be surrendered. It is quite true that, having lost the policy, he would be unable to deliver to the defendant the identical paper, with the receipt indorsed upon it; but, to make a valid surrender of the policy, it was not necessary that that paper writing should be delivered to the defendant. The loss or destruction of that paper did not determine the contract, and, although it was impossible for the plaintiff to surrender the paper to the defendant, yet he was still able to deliver to it a sufficient surrender of the policy, and a sufficient receipt of all its liability upon it. No other person could obtain any rights under the policy unless he had an assignment, and therefore if a surrender or release of the policy, in proper form, containing a receipt for any amount due upon it, had been delivered to the defendant, that would have been a sufficient compliance with the terms of the contract to entitle the plaintiff to a paid-up policy, had the other conditions been fulfilled. But nothing of that kind is alleged to have been done, and therefore the contract was not performed by the plaintiff, and he was not entitled to a paid-up policy; and for that reason the demurrer was well taken, and the judgment must be affirmed, with costs. All concur.